EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **PHEENIX USH LLC D/B/A SPIN,** | : | Case No. 2:24-cv-2490 |
| Plaintiff, | : | |
| | : | Judge Michael H. Watson |
| v. | : | |
| | : | Magistrate Judge Chelsey M. Vascura |
| **CITY OF COLUMBUS,** *et al.*, | : | |
| Defendants. | : | |

## AFFIDAVIT OF JUSTIN M. GOODWIN

Under penalty of perjury, and after being first duly sworn and cautioned, I, Justin M. Goodwin, AICP, hereby testify to the following to the best of my knowledge and belief:

1. I am over the age of 18 and competent to testify herein.

2. I am the Administrator of the Division of Mobility and Parking Services, Department of Public Service, City of Columbus, Ohio ("Division").

3. I sat on the evaluation committee for City of Columbus solicitation number RFQ028518 ("RFP"). Other members of the evaluation committee were James Young, P.E., Deputy Director of the City of Columbus, Department of Public Service; John Shrader, The Ohio State University; Jean-Ellen Willis, P.E., City of Dublin, Ohio; and Chad Gibson, AICP, City of Upper Arlington, Ohio. The RFP asked for proposals from vendors to administer the City's shared micromobility device program for the City of Columbus and partner municipalities. Of particular importance to the evaluation committee, and featured in the RFP, was the City's desire to improve the experience of residents, visitors, and micromobility device users within the City relating to right-of-way access. Over the past several years, the City has received thousands of complaints against currently operating vendors and the untimely removal of vendor devices from unauthorized locations within the public right-of-way, including sidewalks and Americans with Disabilities Act ("ADA")-accessible curb ramps. Alleviating these access issues was of great concern to the evaluation committee and a primary topic of considered discussion.

4. Six vendors submitted proposals and the evaluation committee evaluated each according to a 100-point evaluation scale, consistent with Section 7 (Evaluation Criteria) of the RFP. After an initial round of scoring, the top three vendors were, in order: (1) Neutron Holdings Inc. dba Lime ("Lime"); (2) VeoRide Inc. dba Veo ("Veo"); and (3) Phoenix USHLLC, dba Spin ("Spin"). Consistent with Section 8 (Selection Process) of the RFP, each of the three top-scoring vendors was invited to participate in an in-person interview and product demonstration with the evaluation committee. Following interviews, the evaluation committee requested further clarification of questions to two of the vendors; Veo and Spin. The follow-up questions sought to assist the evaluation committee in understanding the comparative benefits or disadvantages of either 1) selecting a single vendor, or 2) selecting two vendors (i.e., both Veo and Spin). Both vendors clarified how their proposals would be

impacted by a two-vendor scenario. Additionally, in Spin's response to the follow-up questions, Spin stated that "we strongly believe that an exclusive partnership between Spin and the City of Columbus will lead to the best program for Columbus residents."

5. Following the interview process the evaluation committee met again and revised its rankings of the top three vendors, which is consistent with the selection process outlined in Section 8 of the RFP. The revised rankings remained consistent with Section 7 (Evaluation Criteria) of the RFP and were based on a 100-point evaluation scale. An incentive credit for MBE/WBE offerors as described in Section 8 was deemed not applicable to this RFP and no additional points were awarded. After interviews and the second round of scoring, the top-ranked vendors were, in order: (1) Veo, (2) Spin, and (3) Lime. The committee recommended to the Director of the Department of Public Service that Veo should be selected for the shared micromobility device program. The committee also decided against recommending multiple vendors.

6. Veo, the recommended vendor, scored particularly well in response to the Customer Service Requirements Section of the RFP related to timely resolution of complaints of micromobility device obstruction in the public right-of-way, including ADA-accessible curb ramps. Additionally, Veo committed, both within its original proposal and again during the interview process, to establish a local staff and physical warehouse/office presence in Columbus, consistent with the requirements of RFP Section 2.1 (Local presence and staffing requirements) and Section 7.1 (Evaluation Criteria: Project Team). By contrast, since April 2022, the City of Columbus has received hundreds of complaints relating to Spin devices left for lengthy periods of time in unauthorized locations within the public right-of-way, obstructing sidewalks and ADA-accessible curb ramps, despite Spin already having a local staff presence available to address these issues.

7. The Director of the Department of Public Service has discretion in selecting the vendor for the City's micromobility program, as established in Section 8 of the RFP. Because the City is not purchasing any services or materials, the restrictions under Chapter 329 of the City Code did not govern the process. The Director accepted the recommendation of the evaluation committee and recommended to Columbus City Council that Veo be selected for the micromobility program. Columbus City Council accepted the Director's recommendation and authorized the Director to enter into a service level and revenue sharing agreement with Veo pursuant to Ordinance No. 3366-2024 (attached as Exhibit 1), adopted by City Council on December 9, 2024, and signed into law by the Mayor on December 10, 2024.

FURTHER AFFIANT SAYETH NAUGHT.

*Signature on the following page*

_____
JUSTIN M. GOODWIN, AICP

Sworn to and subscribed in my presence on December 23, 2024.



_____
NOTARY PUBLIC

10-26-27
Commission Expiration Date

EN21858.Public-21858   4930-4047-3865v2

3



Legislation Text

**File #:** 3366-2024, **Version:** 1

### 1.  BACKGROUND

This ordinance authorizes the Director of Public Service, or a designee, to enter into agreements with VeoRide, Inc. dba Veo and to accept payments from the same relative to the Columbus and Central Ohio Shared Mobility Program.

The intent of this contract is to provide the City of Columbus, Department of Public Service, and its regional partners with the ability to implement, manage and operate a shared micromobility system. Currently, the micromobility program consists of two primary elements: a permit application for dockless devices, such as e-scooters, regulated by Shared Mobility Devices (SMD) rules and regulations, and a City-owned traditional docked bike share system known as CoGo.

The Department of Public Service and its regional partners desire to operate a shared mobility program in a strategic, financially sustainable, and collaborative partnership to provide a positive user experience and advance broader goals related to equity, sustainability, economic development, and community livability. The goal of the program is to expand a safe and organized shared mobility program for residents, employees, and visitors while being mindful of accessibility for all users of public space. This includes targeted equity strategies to provide transportation options for residents who do not have a vehicle or who require more robust options to reduce their vehicle dependency.

The Department of Public Service, Office of Support Services, issued a Request for Proposals for the shared mobility program.  The project was formally advertised on the Vendor Services and Bonfire web site from June 27, 2024, to September 12, 2024.  The City received six (6) responses.  All proposals were deemed responsive and were fully evaluated when the Evaluation Committee met on September 19, 2024.  The three highest scoring firms, Lime, Spin, and Veo, were then invited to interview with the Evaluation Committee between October 10, 2024 and October 21, 2024. Based on those interviews, the Evaluation Committee narrowed the field down to two firms: Spin and Veo, and both firms were sent additional questions to answer via email. After the answers to the final questions were provided, the Evaluation Committee met to discuss those responses on October 31, 2024, and the scores of the three firms interviewed were adjusted based on the presentations and interviews. The responding firms were:

| Company Name | City/State | Majority/MBE/MBR/F1/AS1/PHC |
|---|---|---|
| Neutron Holdings Inc. dba Lime | Worthington, OH | Majority |
| Drop Mobility | San Francisco, CA | Unknown |
| Pheenix USH LLC, dba Spin | Winnetka, IL | Unknown |
| Tandem Mobility LLC | Northville, MI | Unknown |
| Trip Technology | Columbus, OH | Majority |
| VeoRide Inc. dba Veo | Santa Monica, CA | MBE |

Veo received the highest score from the Evaluation Committee and will be awarded the Shared Mobility Program contract.

Pursuant to a proposed revenue sharing agreement, Veo would be obligated to pay the Department of Public Service an annual per device fee and an additional per trip revenue share for rides initiated within City limits. It may also be necessary for Public Service and Veo to execute a separate service level agreement or other instruments outlining the logistics of the program. Similar agreements will be executed between Veo and the cities of Dublin and Upper Arlington and Ohio State University. Other participating municipalities and regional partners also will be invited and encouraged to execute similar agreements as part of a comprehensive system.

**File #:** 3366-2024, **Version:** 1

Additionally, Veo has committed to make certain infrastructure improvements necessary to the successful operation of a shared mobility program at no cost to the City or its regional partners and to improve device parking solutions in order to address concerns related to obstructing sidewalks and ADA curb ramps.

Searches in the Excluded Party List System (Federal) and the Findings for Recovery list (State) produced no findings against Veo.

## 2. CONTRACT COMPLIANCE
VeoRide Inc's contract compliance number is CC 049938 and expires August 1, 2026.

## 3. FISCAL IMPACT
No funding is required to support this contract is not required as Veo has agreed to bear any and all costs associated with or expenses incurred during the provision of services, including all operations and maintenance costs and expenses, and to share a portion of the revenue it generates generated with the Department of Public Service pursuant to the terms of the proposed revenue sharing agreement.

## 4. EMERGENCY DESIGNATION
Emergency action is requested so implementation of the project can start at the beginning of 2025, to align with the expiration date of the current SMD permits, and to ensure a more seamless transition for the traveling public.

To authorize the Director of the Department of Public Service to enter into agreements with and to accept payments from VeoRide, Inc. relative to the Columbus and Central Ohio Shared Mobility Program; and to declare an emergency. ($0.00)

**WHEREAS**, the City of Columbus, Department of Public Service, and its regional partners desire to establish and operate a safe and organized shared mobility program for residents, employees, and visitors in Columbus and neighboring communities while being mindful of accessibility for all users of public space; and

**WHEREAS**, the Department of Public Service, Office of Support Services, recently issued a Request for Proposals for the Columbus and Central Ohio Shared Mobility Program; and

**WHEREAS**, VeoRide, Inc. dba Veo submitted the best overall proposal for this project; and

**WHEREAS**, this legislation seeks to authorize the Director of Public Service, or a designee, to enter into a revenue sharing agreement and any other instrument as may be necessary, including potentially a separate service level agreement, with VeoRide, Inc. to facilitate the establishment and operation of a shared mobility program under an exclusive provider model; and

**WHEREAS**, pursuant to the terms of the executed agreement(s), Veo would be obligated to pay the Department of Public Service an annual per device fee and an additional per trip revenue share for rides initiated within City limits and to make certain infrastructure and technological improvements necessary to the successful operation of a shared mobility program at no cost to the City; and

**WHEREAS**, an emergency exists in the usual daily operation of the Department of Public Service in that it is immediately necessary to authorize the passage of this legislation so implementation of the project can start at the beginning of 2025, to align with the expiration date of the current SMD permits, and to ensure a more seamless transition for the traveling public, all for the immediate preservation of the public health, peace, property, and safety; **NOW, THEREFORE,**

**BE IT ORDAINED BY THE COUNCIL OF THE CITY OF COLUMBUS:**

**SECTION 1.** That the Director of the Department of Public Service be, and hereby is, authorized to enter into a revenue sharing agreement and any other instrument as may be necessary, including potentially a separate service level agreement,

Case: 2:24-cv-04290-MHW-CMV Doc #: 14-1 Filed: 12/23/24 Page: 6 of 6  PAGEID #: 175

**File #:** 3366-2024, **Version:** 1

with VeoRide, Inc. dba Veo, of 1334 Third Street Promenade, Suite 300, Santa Monica, California 90401, to facilitate the successful implementation and operation of the Columbus and Central Ohio Shared Mobility Program and to accept payments from Veo relative to that program.

**SECTION 2.**  That for the reasons stated in the preamble hereto, which is hereby made a part hereof, this ordinance is hereby declared to be an emergency measure and shall take effect and be in force from and after its passage and approval by the Mayor or ten days after passage if the Mayor neither approves nor vetoes the same.